# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2022

Lyle W. Cayce
Clerk

No. 21-40756
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT LOYA, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-832-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

A jury convicted Robert Loya, Jr., of possession with intent to distribute methamphetamine and possession of a firearm after a felony conviction. The district court sentenced him to 360 months of imprisonment and five years of supervised release. On appeal, Loya argues the evidence

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

was insufficient to support his convictions, the district court erred in admitting evidence of his gang affiliation, and his sentence was substantively unreasonable.

Because Loya moved for a judgment of acquittal at the close of the Government's case, which was also at the close of all evidence, we review his challenge to the sufficiency of the evidence *de novo*. *See United States v. Jimenez-Elvirez*, 862 F.3d 527, 533 (5th Cir. 2017). Under this standard, we must determine whether a reasonable jury could have found that the evidence established Loya's guilt beyond a reasonable doubt. *See United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2015).

Loya argues that there is insufficient evidence demonstrating that he knowingly possessed the firearms or the methamphetamine. The evidence included an intercepted phone conversation in which he discussed a raid by the Government and complained that the guns and other items had been seized from the house. Additionally, law enforcement testified that the bedroom containing the drugs and firearms also had receipts bearing Loya's name and had several work shirts from his business bearing his name. Also, Loya was seen entering and exiting the home. Viewing this evidence in the light most favorable to the Government, a reasonable jury could conclude beyond a reasonable doubt that Loya knowingly possessed the firearms and methamphetamine. *See United States v. Masha*, 990 F.3d 436, 444-45 (5th Cir. 2021).

We review a district court's evidentiary rulings for an abuse of discretion, subject to harmless error review. *United States v. Martinez*, 921 F.3d 452, 481 (5th Cir. 2019). For an evidentiary ruling to constitute a reversible error, the appellant must demonstrate the admission substantially prejudiced his rights. *United States v. Valas*, 822 F.3d 228, 242 (5th Cir. 2016).

No. 21-40756

Loya argues that the district court abused its discretion by admitting evidence of his affiliation with the Texas Mexican Mafia because it was not an intrinsic part of his case and was unduly prejudicial. The district court, however, instructed the jury that evidence regarding the Texas Mexican Mafia was "admitted only for the purpose of providing background and context" and that the jury was "not to consider or infer that [Loya] is more likely to have committed the acts alleged in this indictment on this basis." The court further stated that this evidence "should play no role in your deliberations." Such limiting instructions minimize the danger of undue prejudice. *See id.* at 241. For this reason, and in light of other substantial evidence of guilt, any error in the admission of Loya's gang affiliation was harmless. S*ee United States v. Lugo-Lopez*, 833 F.3d 453, 461 (5th Cir. 2016).

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Loya argues his 360-month sentence is substantively unreasonable. A within-guidelines sentence is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). While Loya contends that the district court failed to consider mitigating factors, he has not demonstrated that the district court failed to account for a factor that should have received significant weight, gave significant weight to an improper factor, or clearly erred in balancing the factors. *See United States v. Naidoo*, 995 F.3d 367, 382 (5th Cir. 2021). Thus, Loya has failed to demonstrate his sentence is substantively unreasonable. *See Cooks*, 589 F.3d at 186.

AFFIRMED.